UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV    1970**

**# 1**

Lewis J. Thorney, Meleisha
Thorney and Milton Thorney,

        PLAINTIFFS,

     VS.

Vincent J. D'Elia, Esq.,
Thomas M. McCarthy, Esq.,
Anthony P. Bufano, III, Esq.,
and D'Elia & McCarthy, a
partnership,

       DEFENDANTS,

Notice of Removal Based on
Diversity of Citizenship
Action between Natural Persons
[28 U.S.C.A. sec.: 1441, 1446]

TITLE OF COURT AND TITLE
OF CASE IN STATE COURT:

Supreme Court of the State of New York
County of the Bronx

Lewis J. Thorney, Meleisha
 Thorney and Milton Thorney,

      PLAINTIFFS,

     VS.

Vincent J. D'Elia, Esq., Thomas
M. McCarthy, Esq., Anthony P.
Bufano, III, Esq., and D'Elia
& McCarthy, a partnership,

     DEFENDANTS

      Verified Complaint

      Index No. 6009/05

   Defendants, Vincent J. D'Elia, Esq., Thomas M. McCarthy,

Esq., Anthony P. Bufano, III, Esq., and D'Elia & McCarthy, a

partnership, hereby file this Notice of Removal of the above

1

described action to the United States District Court for the
Southern District of New York from the Supreme Court of the State
of New York, Bronx County, where the action is now pending as
provided by Title 28, U.S. Code, Chapter 89 and state:

1    Defendants, Vincent J. D'Elia, Esq., Thomas M. McCarthy,
Esq., Anthony P. Bufano,III, Esq., and D'Elia & McCarthy, a
partnership, are the defendants in that above entitled matter.

2    The above state action was commenced in the Supreme Court
of the State of New York, Bronx County, and is now pending in
that court. Process was served on defendants on January 11, 2005.
That process: a copy of plaintiffs' summons and their verified
complaint setting forth the claim for relief upon which the
action was based was first received by the defendants on that
date, January 11, 2005.

3    The action is a civil action claiming attorneys'
malpractice for failing to file and serve timely a personal
injury complaint on the plaintiffs' behalf for personal injuries
arising from a motor vehicle accident that took place on April
21, 2001.

4    Each plaintiff is now and at the time the state action was
commenced was a citizen of the State of New York, and each
defendant is now and at the time the state action was commenced
was a citizen of the State of New Jersey. The matter in
controversy exclusive of interest, costs and disbursements
exceeds the sum or value of $75,000. No change of citizenship has

occurred since the commencement of the action. None of the
defendants is a citizen of New York, the state in which the
action was brought. At all relevant times Vincent J. D'Elia,
Esq., has had his domicile at 129 Highland Avenue, Jersey City,
NJ 07305; at all relevant times Thomas M. McCarthy, Esq., has had
domicile at 75 Ward Avenue South, Rumson, NJ 07760, at all
relevant times Anthony Bufano has had his domicile at 9 Monroe
Street, West Long Branch, NJ 07764, at all relevant times D'Elia
& McCarthy has been an unincorporated  partnership consisting
solely of the partner attorneys: Vincent J. D'Elia and Thomas M.
McCarthy, both New Jersey citizens. At all relevant times none of
the defendants was a New York citizen.

5       A copy of all process, pleadings, and orders served upon
the Defendants is filed with this notice.

6       Defendants will give written notice of the filing of this
action as required by 28 U.S.C. section 1446(d).

7       A copy of this notice will be filed with the clerk of the
Supreme Court, Bronx County as required by 28 U.S.C. section
1446(d).

Wherefore, defendants request that this action proceed in this

Court as an action properly removed to it.

Dated: February 9, 2005

Solomon & DeCapua
Attorneys for defendants , Vincent J. D'Elia, Esq., Thomas
M. McCarthy, Esq., Anthony P. Bufano,III, Esq., and D'Elia &
McCarthy, a partnership,

430 Sunrise Highway
Rockville Center, NY 11570
(516) 764-2226

by:

Harold Solomon, (HS8372)a member of the firm

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
LEWIS J. THORNEY, MELEISHA THORNEY
and MILTON THORNEY,

                              Plaintiff(s),

              -against-

VINCENT J. D'ELIA, ESQ., THOMAS McCARTHY,
ESQ., ANTHONY P. BUFANO, III, ESQ., and
D'ELIA & McCARTHY, A Partnership,

------------------------------------------------------------X
                              Defendant(s).

Index No.: CV 0009/05

**SUMMONS**

Plaintiffs designate
BRONX County is the
place of trial.

The basis of venue is:
Plaintiffs' residence

Plaintiffs reside at:
1227 Intervale Avenue
Bronx, NY 10459
County of Bronx

**To the above named Defendant(s):  You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Bronx, New York
              December 20, 2004

                                          Yours, etc.

                                          JEFFREY J. BELOVIN
                                          BELOVIN & FRANZBLAU, LLP
                                          Attorneys for Plaintiffs
                                          Office & P.O. Address
                                          2311 White Plains Road
                                          Bronx, New York 10467-8103
                                          (718) 655-2900
                                          Our File No.  3062 (JJB)

BELOVIN & FRANZBLAU, LLP

TO:   VINCENT J.  D'ELIA, ESQ.
      6 Maiden Lane, New York, New York 10036
      574 Newark Avenue, Jersey City, New Jersey 07306
      576 Newark avenue, Jersey City, New Jersey 07306

      THOMAS McCARTHY, ESQ.
      574 Newark Avenue, Jersey City, New Jersey 07306
      576 Newark Avenue, Jersey City, New Jersey 07306

      ANTHONY P.  BUFANO, III., ESQ.
      574 Newark Avenue, Jersey City, New Jersey 07306
      576 Newark Avenue, Jersey City, New Jersey 07306

      D'ELIA & McCARTHY
      6 Maiden Lane, New York, New York 10036
      574 Newark Avenue, Jersey City, New Jersey 07306
      576 Newark Avenue, Jersey City, New Jersey 07306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------X    Index No.:
LEWIS J.   THORNEY, MELEISHA THORNEY
and MILTON THORNEY,

                              Plaintiff(s),              **VERIFIED COMPLAINT**

          -against-

VINCENT J.   D'ELIA, ESQ., THOMAS
McCARTHY, ESQ., ANTHONY P.  BUFANO, III,
ESQ   and D'ELIA & McCARTHY, A
Partnership,

                              Defendant(s).
------------------------------------------------------X

          Plaintiffs, by their attorneys, BELOVIN & FRANZBLAU, LLP.,

complaining of the defendants, respectfully alleges as follows:

GENERAL ALLEGATIONS

          FIRST:    At all the times hereinafter mentioned, plaintiffs

were and still are residents of the County of Bronx, City and State

of New York.

          SECOND:   On the 21st day of April, 2001, the plaintiffs and

each of them, suffered serious and severe personal injuries while

occupants of a motor vehicle that was struck in the rear by other

vehicles due to the negligence of Salomon A.   Guerrero, as owner

and operator of a 1990 GMC Van, bearing New York license plate

number EP668U and Enrico Merlino, as owner and operator of a 1998

Toyota Four Door Sedan, bearing New York license plate number XGU503.

THIRD:    The motor vehicle accident occurred in Bronx County, State of New York, on the southbound Bronx River Parkway at the intersection with Tremont Avenue.

FOURTH:    None of the plaintiffs herein contributed to the happening of the aforesaid action and each are free of any negligence whatsoever.

FIFTH:    That the incident of April 21, 2001 was as a result of the negligence of the owners and/or operators of the aforementioned vehicles in owning, operating, managing, maintaining and controlling their motor vehicles, in a reckless and careless manner and in such a manner as to cause, permit and allow the accident herein, in that they failed to keep same under proper control; in operating same at a rapid, excessive and dangerous rate of speed; in failing to give signal, notice or warning of the approach of said motor vehicles; in operating said vehicles with complete disregard for the safety of others, and this plaintiff in particular; in failing to observe and obey and abide by the rules, regulations, statutes, laws and ordinances of the City and State of New York, County of Bronx, applicable hereto, in failing to keep the brakes of said vehicles in proper repair, in failing to utilize same in time to avoid the collision therein, in failing to obey the

-2-

traffic regulations and signals on the roadway then and there in force, in failing to exercise that degree of care and caution which prudent persons would in like circumstances, in that they permitted and allowed the accident herein complained of to occur and/or that they were otherwise reckless, careless and negligent in the premises so that by reason of their negligence and with no contributory negligence on the part of the plaintiffs herein the accident herein did occur.

SIXTH:    By reason of the foregoing, plaintiffs were seriously and severely injured, suffered and still suffer and will continue to suffer for some time to come, great physical and mental pain and bodily injuries, become sick, sore, lame and disabled and so remains, some of which injuries plaintiffs are informed and verily believe are permanent in nature.

SEVENTH:  Shortly after the occurrence described herein, the plaintiffs and each of them retained the defendants and each of them, as their attorneys to conduct and prosecute an action for damages for personal injuries sustained by each of them, together with causes of action for loss of services on behalf of each spouse, as a result of the negligence of the owners and operators of the motor vehicles, as heretofore alleged.

EIGHTH:   That upon information and belief, the defendants, as attorneys duly admitted to practice in the Courts of the State of

-3-

New York, or purporting to be so admitted, undertook to prosecute said action upon a contingent retainer in a proper, skillful and diligent manner, as attorneys for the plaintiff.

NINTH:    That the plaintiffs duly performed all of the conditions of said retainer on their behalf.

TENTH:    Upon information and belief, that as a result of the defendants' negligence, delay and lack of skill, the plaintiffs' ability to pursue their claims have become barred due to the jurisdictional defects, failure to follow up and properly prosecute the claims and want of prosecution.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, LEWIS J. THORNEY

ELEVENTH: As a result of the foregoing, plaintiff's ability to pursue his claim has become barred.

TWELFTH:  As a result of the foregoing, plaintiff sustained damages in a sum exceeding the jurisdictional limits of all lower court.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, LEWIS J. THORNEY

THIRTEENTH: Plaintiffs repeat, reiterate and reallege each and every allegation labeled "FIRST" through "TWELFTH" of the Complaint as if set forth at length herein.

-- 4 --

FOURTEENTH:    As a result of the foregoing, plaintiff's ability to pursue a claim for loss of spousal services and society has become barred.

FIFTEENTH:    As a result of the foregoing, plaintiff sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, MELEISHA THORNEY

SIXTEENTH:    Plaintiffs repeat, reiterate and reallege each and every allegation labeled "FIRST" through "FIFTEENTH" of the complaint, as if set forth at length herein.

SEVENTEENTH:    As a result of the foregoing, plaintiff's ability to pursue her claim has become barred.

EIGHTEENTH:    As a result of the foregoing, plaintiff sustained damages in a sum exceeding the jurisdictional limits of all lower court.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, MELEISHA THORNEY

NINETEENTH:    Plaintiffs repeat, reiterate and reallege each and every allegation labeled "FIRST" through "EIGHTEENTH" of the Complaint, as if set forth at length herein.

TWENTIETH:    As a result of the foregoing, plaintiff's ability to pursue a claim for loss of spousal services and society has become barred.

–5–

BELOVIN & FRANZBLAU, LLP

TWENTY-FIRST: As a result of the foregoing, plaintiff sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, MILTON THORNEY

TWENTY-SECOND: Plaintiffs repeat, reiterate and reallege each and every allegation labeled "FIRST" through "TWENTY-FIRST" of the Complaint, as if set forth at length herein.

TWENTY-THIRD: As a result of the foregoing, plaintiff's ability to pursue his claim has become barred.

TWENTY-FOURTH: As a result of the foregoing, plaintiff sustained damages in a sum exceeding the jurisdictional limits of all lower court.

**WHEREFORE**, plaintiffs demand judgment on each and every cause of action against the defendants jointly and severally in sums which exceed the jurisdiction of all lower courts.

Dated:     Bronx, New York
           December 20, 2004

JEFFREY J. BELOVIN
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff(s)
Office & P.O. Address
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

**VERIFICATION**

STATE OF NEW YORK)

                SS.:

COUNTY OF BRONX )

    LEWIS J. THORNEY, being duly sworn, says:    I am a Plaintiff in the action herein:  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated:      Bronx, New York
          December    , 2004

                               LEWIS J.  THORNEY

Subscribed and sworn to before me this    day of December, 2004

      NOTARY PUBLIC

Notary Public, State of New York
No. 01PA6017882
Qualified in Bronx County
Commission Expires September 13, 2005

**BELOVIN & FRANZBLAU, LLP**