UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lewis J. Thorney, Meleisha Thorney and Milton Thorney,<br><br>PLAINTIFFS,<br><br>VS.<br><br>Vincent J. D'Elia, Esq., Thomas M. McCarthy, Esq., Anthony P. Bufano, III, Esq., and D'Elia & McCarthy, a partnership,<br><br>DEFENDANTS, | ANSWER<br><br>ECF Filing<br><br>Docket No. 05 CV 1970 (SAS) |

Defendants, by counsel, answering the complaint in like numbered paragraphs say:

First: Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Second: Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Third: Admit

Fourth: Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Fifth:   Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Sixth:   Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Seventh:   Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Eighth:   Deny Anthony Bufano is or was a member of the bar of the State of New York. Admit defendant Vincent D'Elia and defendant Thomas McCarthy are members of the bar of the State of New York. Except as otherwise admitted or denied herein, answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Ninth:   Answering defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

Tenth:   Denied.

## First Cause of Action

Eleventh: Denied

Twelfth: Denied

## Second Cause of Action

Thirteenth: Answering defendants repeat and reallege each and every response to the allegations of the complaint numbered First through Twelfth as if set forth herein at length.

Fourteenth: Denied.

Fifteenth: Denied

## Third Cause of Action

Sixteenth: Answering defendants repeat and reallege each and every response to the allegations of the complaint numbered First through Fifteenth as if set forth herein at length.

Seventeenth: Denied

Eighteenth: Denied

## Fourth Cause of Action

Nineteenth: Answering defendants repeat and reallege each and every response to the allegations of the complaint numbered First through Eighteenth as if set forth herein at length.

Twentieth: Denied.

Twenty First:  Denied.

## Fifth Cause of Action

Twenty Second:  Answering defendants repeat and reallege each and every response to the allegations of the complaint numbered First through Eighteenth as if set forth herein at length.

Twenty Third:  Denied.

Twenty Fourth:  Denied.

## As a First Affirmative Defense

Plaintiffs did not properly serve the individual defendants, Vincent D'Elia, Thomas McCarthy, and Anthony Bufano, and the Court lacks personal jurisdiction over these three defendants.

## As a Second Affirmative Defense

Plaintiffs have failed to exhaust the reasonable steps they should take which steps would permit their underlying case against motorists Guerrero and Merlino to go forward and be prosecuted - which failure must cause the present action to fail and be dismissed.

## As a Third Affirmative Defense

On information and belief, plaintiffs have not suffered serious injuries as that term is defined in the Insurance Law of the State of New York and their claims for personal injury are barred.

### As a Fourth Affirmative Defense

The complaint fails to state a valid cause of action against the defendants.

### As a Fifth Affirmative Defense

Upon information and belief, if any damages were sustained by the plaintiffs as alleged in the complaint, which damages are expressly denied by the defendants, all such damages have been caused or brought about in whole or in part by the affirmative wrongdoing, negligent want of care, omission or other culpable conduct as such or comparative negligence of the plaintiffs or their agents. As a consequence plaintiffs' damages should be reduced by the percentage of the culpable conduct of the plaintiffs or their agents.

### As a Sixth Affirmative Defense

Upon information and belief, no act, omission, or failure to act on the part of the defendants was the proximate cause or the 'but for' cause of any damage, loss or injury to the plaintiffs as a matter of law. Plaintiffs' complaint, on information and belief, has not established that plaintiffs have suffered actual and ascertainable damages.

### As a Seventh Affirmative Defense

Upon information and belief, if the plaintiffs sustained any

damages, then such damages were caused in whole or in part by the plaintiffs' failure to mitigate damages, and the amount of any damages otherwise recoverable shall be reduced by such amounts attributable to plaintiffs' failure to mitigate.

### As an Eighth Affirmative Defense

Any recovery of plaintiffs' shall be reduced and set-off under CPLR 4545 for any amounts which will pay or otherwise indemnify plaintiffs for any cost or expense or economic loss from any collateral source.

### As a Ninth Affirmative Defense

The plaintiffs' action is premature based on the doctrines of ripeness and/or mootness, and must be dismissed.

### As a Tenth Affirmative Defense

Upon information and belief, the actions complained of in the complaint were the product of litigation strategies and/or judgment calls and, thus, are not subject to claims of malpractice.

Wherefore, defendants demand that this case be dismissed with costs against the plaintiffs.

Dated: Feb. 25, 2005

Solomon & DeCapua
Attorneys for defendants , Vincent J. D'Elia, Esq., Thomas M. McCarthy, Esq., Anthony P. Bufano,III, Esq., and D'Elia & McCarthy, a partnership,

```
430 Sunrise Highway
Rockville Center, NY 11570
(516) 764-2226

by:
          /s/
_____
```
Harold Solomon, (HS8372) a member of the firm**Error! Bookmark not defined.**